# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0050** (Kanawha County 18-F-351)

**Marcus Young,**
**Defendant Below, Petitioner**

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marcus Young, by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's December 23, 2019, sentencing order. Respondent the State of West Virginia, by counsel Lara K. Bissett, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 14, 2017, Petitioner Marcus Young, Jayrionte Thomas, and Diante Freeman went to the West Side Market and Deli ("the market") in Charleston, West Virginia. When they approached the store, Terrel Davenport ("the victim") was sitting in a car in the parking lot. He came into the market after the three men and addressed petitioner, who was standing at the checkout counter, about a gesture or comment petitioner allegedly made to the victim when they were outside. According to the market owner's testimony, petitioner referred to the victim as "blood." The victim told petitioner not to call him that, at which time Mr. Thomas pulled a pistol and began shooting. The victim ran from the market, and the video footage shows Mr. Thomas following the victim outside. Without citing to the record, petitioner contends that the victim fell to the ground outside, which is when petitioner came outside and shot the victim three times. The video surveillance shows petitioner running away and throwing his weapon over a fence. Petitioner and Mr. Thomas were later arrested in Detroit, where petitioner claims they are from.

Petitioner and Mr. Thomas were indicted on first-degree murder and drug charges, though the drug charges were severed from the murder charge for purposes of trial. The murder charge proceeded to trial first, during which forensics and the medical examiner established that petitioner's pistol fired the two fatal shots. At trial, petitioner argued that the victim's actions and

1

demeanor were aggressive and threatening and that the confrontation was unplanned and ended in a very short time, which did not allow for deliberation or premeditation. He further argued that there was no evidence of malice since there was no prior relationship or animosity between the participants to support a conviction for second-degree murder. The jury convicted petitioner of first-degree murder without a recommendation of mercy. He was sentenced accordingly by order entered on December 23, 2019. Petitioner appeals from that order.[1]

As we have previously stated,

> "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Syl. Pt. 1, *State v. Varlas*, -- W. Va. --, 844 S.E.2d 688 (2020).

On appeal, petitioner asserts that the State failed to present sufficient evidence of premeditation and deliberation to support a guilty verdict for first-degree murder.[2] In support of

---

[1] Mr. Thomas entered a plea of guilty to first-degree murder. He appeals that conviction and sentence in Case No. 20-0055, and his appeal is currently pending before this Court.

[2] Petitioner sets forth three additional assignments of error. However, he fails to provide a single reference to the record in support of these assignments of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . .The argument *must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure, and thus, we decline to address these assignments of error on appeal.

this assertion, petitioner argues that the evidence at trial showed no prior relationship between petitioner and the victim. Petitioner contends that their only interaction lasted for approximately twenty to thirty seconds and consisted of the victim confronting petitioner "over [petitioner] looking at [the victim] in a certain way." He argues that Mr. Thomas was the one who initiated the shooting and chased the victim out of the market while continuing to shoot. Petitioner admits that he then came out "and fired three shots in rapid succession." He contends there was no opportunity to form premeditation or deliberation prior to shooting. Petitioner further argues that the actions of the victim and Mr. Thomas caused petitioner to react suddenly without premeditation or deliberation. He asserts that the evidence presented shows there was no malice or premeditation as a matter of law, and the conviction of first-degree murder should be set aside.

As this Court has found,

> "[a]lthough premeditation and deliberation are not measured by any particular period of time, there must be some period between the formation of the intent to kill and the actual killing, which indicates the killing is by prior calculation and design. This means there must be an opportunity for some reflection on the intention to kill after it is formed." Syl. Pt. 5, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

> "In criminal cases where the State seeks a conviction of first degree murder based on premeditation and deliberation, a trial court should instruct the jury that murder in the first degree consists of an intentional, deliberate, and premeditated killing which means that the killing is done after a period of time for prior consideration. The duration of that period cannot be arbitrarily fixed. The time in which to form a deliberate and premeditated design varies as the minds and temperaments of people differ and according to the circumstances in which they may be placed. Any interval of time between the forming of the intent to kill and the execution of that intent, which is of sufficient duration for the accused to be fully conscious of what he intended, is sufficient to support a conviction for first degree murder. To the extent that *State v. Schrader*, 172 W.Va. 1, 302 S.E.2d 70 (1982), is inconsistent with our holding today, it is expressly overruled." Syl. Pt. 6, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pts. 4 and 5, *State v. Zuccaro*, 239 W. Va. 128, 799 S.E.2d 559 (2017).

When reviewing a claim of insufficiency of the evidence, this Court reviews the evidence admitted at trial and accepts all inferences from a vantage most favorable to the prosecution.

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). This review takes into account all of the evidence, including circumstantial evidence. "Circumstantial evidence . . . is intrinsically no different from testimonial evidence." *Id.* at 668, 461 S.E.2d at 174 (quoting *Holland v. United States*, 348 U.S. 121, 139-40, 75 S.Ct. 127, 137-38 (1954)). "Circumstantial evidence and direct evidence inherently possess the same probative value." *Guthrie*, 194 W.Va. at 669, 461 S.E.2d at 175 (quoting *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492, 502 (1991)). A criminal defendant challenging the sufficiency of the evidence on appeal has a heavy burden; he or she must prove there is *no* evidence from which the jury could find guilt beyond a reasonable doubt. *See Guthrie*, 194 W.Va. at 663, 461 S.E.2d at 169, syl. pt. 3.

In the instant case, although petitioner did not initiate the original confrontation, after Mr. Thomas fired multiple shots at the victim, the victim fled the market. Petitioner and Mr. Thomas followed the victim outside. Only after Mr. Thomas fired every round in his gun did petitioner make the choice to follow the victim outside, see that Mr. Thomas unable to fire more shots, and fire his gun at the victim three times. At that point, the victim was on the ground, and he had not pulled a weapon at any point during the altercation. The jury reasonably could have determined that the time it took to accomplish any of these steps provided petitioner with a sufficient opportunity for reflection on his intent to kill. *See Guthrie*, 194 W.Va. at 664, 461 S.E.2d at 170, syl. pt. 5. Motive may be an indicator of premeditation, but it is not an essential element of first-degree murder and need not be proven in order to sustain a conviction.[3] Rather, the jury's duty is to consider all of the evidence presented and to apply that evidence to the charged offenses. Considering all of the evidence in a light most favorable to the State, we conclude there was sufficient evidence for the jury to find beyond a reasonable doubt that petitioner formed the intent to kill and had a sufficient interval of time to be fully conscious of what he intended.[4] For the reasons set forth herein, we affirm the circuit court's December 23, 2019, sentencing order.

Affirmed.

**ISSUED:** March 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[3] *See Guthrie*, 194 W. Va. at 675 n.23, 461 S.E.2d at 181 n.23.

[4] Petitioner does not allege error with regard to the jury instructions.